UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ALFRED CRAVEN, ET AL., on behalf of
mother Joan Henry,
        Plaintiff,

v.

CIVIL ACTION NO.
12-12064-JCB

BOSTON HEALTH NET INSURANCE CO.,
ET AL.,
        Defendants.

## ORDER AND REPORT AND RECOMMENDATION

BOAL, M.J.

### BACKGROUND

On November 2, 2012, Plaintiffs Alfred Craven ("Alfred"), a prisoner at FMC Devens, and his brother, James Craven ("James"), of Wilmington, Vermont, filed a civil action on behalf of their mother, Joan Henry ("Joan"). Plaintiffs alleged medical malpractice, wrongful death, and constitutional violations against the Boston Health Net Insurance Co. ("BHN") and other unknown and unnamed defendants (staff of BHN), located in Boston, Massachusetts. The matter stems from the alleged failure to conduct and/or provide insurance coverage for a PET scan of Joan, and the failure to provide other proper medical care, resulting in her death from liver cancer.

On December 6, 2012, this Court issued a Memorandum and Order directing plaintiffs to pay their apportioned share of the filing fee or file motions for leave to proceed *in forma pauperis*. Docket No. 4. Additionally, this Court outlined the legal impediments to plaintiffs' claims. These included the failure of James to sign the Complaint, the failure to plead plausible claims in accordance with Rule 8 of the Federal Rules of Civil Procedure, the lack of *respondeat superior* liability of BHN and its supervisors under 42 U.S.C. § 1983, the lack of state action necessary to state plausible constitutional claims under Section 1983, the inapplicability of the Eighth Amendment claims for non-prisoners such as Joan, and the lack of subject matter

jurisdiction. Moreover, this Court noted that plaintiffs could not bring wrongful death claims on behalf of Joan, because, under Massachusetts law, only the authorized Executor/trix or Administrator/trix of Joan's estate may bring such claims. Finally, this Court noted that plaintiffs could not, even if they were Co-Executors or Administrator's of Joan's estate, bring a wrongful death action in their *pro se* capacities because only a duly-licensed attorney may appear in this Court to prosecute those claims. In light of these impediments, plaintiffs were directed to file an Amended Complaint curing the pleading deficiencies and demonstrating good cause in writing why the action should not be dismissed for the reasons stated in the Memorandum and Order.

On December 18, 2012, James paid the $350.00 filing fee in full. On January 2, 2013, both plaintiffs consented to the jurisdiction of this Court pursuant to 28 U.S.C. § 636(c). Thereafter, on January 8, 2013, in response to this Court's Memorandum and Order, plaintiffs filed a Motion to Amend the Complaint which incorporated a signed Amended Complaint and exhibits. Amended Complaint ("AC"), Docket No. 8.

In the Amended Complaint, plaintiffs clarify the list of defendants, identifying them as: (1) BHN; (2) Dr. Robert Lawrence White; (3) Dr. Henry; and (4) Dr. McNamee. Essentially, plaintiffs reiterate the claims made in the original Complaint regarding Joan's medical treatment (including, *inter alia*, the delay in conducting a PET scan, negligent post-operative treatment, and the denial of insurance coverage). They argue jurisdiction is based on diversity under 28 U.S.C. § 1332 insofar as James is a citizen of Vermont, Alfred is a citizen of California (notwithstanding his present custody in prison in Ayer, Massachusetts), and the defendants are presumed to be citizens of Massachusetts. AC ¶ 17. They claim that Dr. White and Dr. Henry are liable for gross negligence, medical malpractice, and for violations of Joan's Fourteenth Amendment due process rights. AC ¶ 6, p. 4. They assert Dr. McNamee is liable for negligence,

medical malpractice and violations of Joan's Fifth, Eighth, and Fourteenth Amendment rights by being deliberately indifferent to her medical needs. AC, p. 4.

Next, with respect to the state action issue, plaintiffs claim that there is state action by the defendants because the doctors are sworn in by the state to perform a public function, and because they practice in state-run institutions. AC ¶ 18. Further, they argue that the doctors prescribe to their patients medications that are regulated by the FDA, and that they benefit from a Massachusetts law that requires its citizens to have health insurance. Id.

Plaintiffs request that, if this Court finds that the defendants' actions do not present civil rights violations, that they be permitted to pursue the negligence and malpractice claims in this Court, or, if this is not proper, then they request this Court "forward this case to the proper court of jurisdiction or dismiss this case without prejudice" so they may pursue this action. Id.

On January 10, 2013, plaintiff Alfred filed a letter in which he seeks this Court's assistance with correcting a problem with funds erroneously transferred from his prison account to this Court as part of the filing fee. Docket No. 9.

## DISCUSSION

I.   The Letter Re: Filing Fee Overpayment

As noted above, in his letter, Alfred requests assistance from this Court in correcting a problem of overpayment of the filing fee. Docket No. 9. Specifically, he alleges that the Treasurer's Office at FMC Devens has withdrawn $175.00 from his prison account for payment of the filing fee despite the fact that the filing fee of $350.00 was paid by co-plaintiff James in full. Id.

The Clerk's Office Accounting Department already has discovered this error and has notified the FMC Devens Treasurer's Office that no further payments are to be made from Alfred's prison account toward the filing fee, insofar as this Court may not collect more than one

fee for this action. In light of this, Alfred's Letter/Request (Docket No. 9) will be <u>ALLOWED</u> to the extent that the Clerk's Office Accounting Office is ORDERED to return any funds received from Alfred's prison account and to return any funds erroneously received from his prison account in the future.[1]

A copy of this Order shall be sent to the Treasurer's Office at FMC Devens with the request that it adjust its prison account records accordingly.

## II. <u>The Motion to Amend Complaint</u>

This Court previously instructed the plaintiffs to file an Amended Complaint. Accordingly, the Motion to Amend Complaint (Docket No. 8) will be <u>ALLOWED</u>. Notwithstanding this allowance, this Court will recommend that the District Court dismiss this action for the reasons set forth below.

## III. <u>Failure to Show Cause Sufficiently as Directed</u>

For purposes of preliminary screening, this Court finds that plaintiffs have complied with this Court's directives to identify the defendants clearly, and that they arguably have met the jurisdictional requirements for diversity jurisdiction under Section 1332. Further, this Court assumes that, for purposes of preliminary screening only, they have made allegations sufficient to set forth state action for their Section 1983 claims.

Nevertheless, plaintiffs have failed to show good cause why this action should be permitted to proceed in this Court, specifically their ability to bring wrongful death, medical

---

[1] Although Alfred alleges the amount to be $175.00, the Accounting Department received a sum less than this amount. In the future, should Alfred contest the actions of the Treasurer's Office, this Court will not intervene unless or until he has shown that he has exhausted administrative remedies in this regard. To clarify, all that is ordered here is for the Clerk's Office Accounting Department to refund any overpayments received from the Treasurer's Office at FMC Devens.

malpractice, and negligence claims on behalf of their mother and their ability to proceed *pro se* with these claims. Plaintiffs have not alleged that they are the Co-Executors or Co-Administrators of their mother's Estate, nor have they alleged that there are no creditors of Joan's estate. As noted in the prior Memorandum and Order, only the duly-authorized representative of the estate may bring a claim for wrongful death (and for damages flowing therefrom). Docket No. 4, p. 11. Moreover, as this Court explained, even if plaintiffs were the authorized administrators of the estate, they may not bring any of their claims in their *pro se* capacity. Id. at 11-13. Simply put, the claims being asserted are claims that belong to Joan or her estate, and not to the plaintiffs.[2]

For these reasons, this Court will recommend to the District Court that this action be DISMISSED without prejudice to plaintiffs' timely reassertion of claims in a separate suit in this Court, provided such suit is filed by duly-licensed counsel subject to Rule 11 parameters, or to the filing of a suit in state court, if they are able to do so in accordance with state court rules and procedures.[3] This Court recommends that the District Court DENY plaintiffs' request to forward this action to an appropriate court.

---

[2]Plaintiffs cannot state independent claims based on the alleged gross negligence or medical malpractice. The wrongful death statute subsumes all claims based on the "negligence" of another. See Mass. Gen. Laws ch. 229, § 2. This statute also subsumes claims for medical malpractice in cases of death.

[3]This Court previously denied plaintiffs' request for appointment of counsel. The Court's view in this matter has not changed. Accordingly, the Court declines to appoint *pro bono* counsel here.

## CONCLUSION

Based on the foregoing, it is hereby Ordered that:

1. Plaintiff Alfred Craven's Letter/Request (Docket No. 9) is ALLOWED to the extent that the District Court Clerk's Office Accounting Office is Ordered to return any funds received from his prison account and to return any funds erroneously received from his prison account in the future;

2. Plaintiffs' Motion to Amend Complaint (Docket No. 8) is ALLOWED;

3. This Court recommends that the District Court DISMISS the action without prejudice and DENY Plaintiffs' request for this Court to forward this action to another court.

## REVIEW BY DISTRICT JUDGE

The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72(b), any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections. See Fed. R. Civ. P. 72. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. See Phinney v. Wentworth Douglas Hospital, 199 F.3d 1 (1st Cir. 1999); Sunview Condo. Ass'n v. Flexel Int'l, 116 F.3d 962 (1st Cir. 1997); Pagano v. Frank, 983 F.2d 343 (1st Cir.1993).

/s/ Jennifer C. Boal
JENNIFER C. BOAL
Dated: January 22, 2013                                      United States Magistrate Judge