UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ALFRED CRAVEN, ET AL., on behalf of
mother Joan Henry,
        Plaintiff,

v.

CIVIL ACTION NO.
12-12064-WGY

BOSTON HEALTH NET INSURANCE CO.,
ET AL.,
        Defendants.

MEMORANDUM AND ORDER FOR DISMISSAL

YOUNG, D.J.

BACKGROUND

On November 2, 2012, Plaintiffs Alfred and James Craven filed a civil action on behalf of their deceased mother, Joan Henry. Plaintiffs alleged medical malpractice, wrongful death, and constitutional violations against various Defendants (medical personnel and facilities in Massachusetts) based on the alleged failure to conduct and/or provide insurance coverage for a PET scan and the failure to provide other proper medical care to their mother.

On December 6, 2012, Magistrate Judge Boal issued a Memorandum and Order (Docket No. 4) outlining the legal impediments to Plaintiffs' claims. These included, *inter alia*, the failure to plead plausible claims in accordance with Rule 8 of the Federal Rules of Civil Procedure, the lack of *respondeat superior* liability of entities and supervisory Defendants under 42 U.S.C. § 1983, the failure to set forth state action under §1983, the inapplicability of the Eighth Amendment claims by non-prisoners, and the lack of subject matter jurisdiction. Moreover, Magistrate Judge Boal discussed that the Plaintiffs could not bring wrongful death claims on behalf of their mother, because under Massachusetts law, only the authorized Executor/trix or Administrator/trix of Joan Henry's Estate may bring such claims. Finally, this Court noted that Plaintiffs could not, even if they were Co-Executors or Administrators of their mother's Estate, bring a wrongful death action in their *pro se* capacities because only a duly-

licensed attorney may appear in this Court to prosecute those claims.  In light of these impediments, Plaintiffs were directed to file an Amended Complaint curing the pleading deficiencies.  They were also directed to demonstrate good cause in writing why this action should not be dismissed for the reasons stated in the Memorandum and Order.

Thereafter, on January 8, 2013, in response to the Memorandum and Order, Plaintiffs filed a Motion to Amend the Complaint (Docket No. 8) which incorporated the signed, Amended Complaint and included exhibits.  Plaintiff's clarified the list of Defendants and contended that jurisdiction was based on diversity pursuant to 28 U.S.C. § 1332.  They alleged state action by the Defendants on the grounds that the doctors were sworn in by the state to perform a public function, and because they practice in state-run institutions.  Further, they argued that the doctors prescribe to their patients medications that are regulated by the FDA, and that they benefit from a Massachusetts law that requires its citizens to have health insurance.

Next, Plaintiffs requested that, if it was determined that the action did not present civil rights claims, they be permitted to pursue the negligence and malpractice claims in this Court, or in the alternative, that this Court forward this case to the proper court.

On January 22, 2013, Magistrate Judge Boal issued an Order and Report and Recommendation (Docket No. 10) finding that Plaintiffs failed to show good cause why this case should not be dismissed, primarily because Plaintiffs did not allege that they were Co-Executors or Co-Administrators of their mother's Estate, nor had they alleged that there were no creditors of their mother's estate.  In light of this, Magistrate Judge Boal determined that Plaintiffs could not proceed *pro se* on the claims asserted on behalf of their mother.  She therefore recommended that this action be dismissed without prejudice.  She also recommended that the Plaintiffs' request for this Court to forward this action to another court be denied.

DISCUSSION

To date, neither Plaintiff has filed any Objection to Magistrate Judge Boal's Report and Recommendation, and the time period for doing so has lapsed.  Accordingly, for the substantive reasons set forth in the Report and Recommendation (Docket No. 10), this Court will ADOPT the Report and Recommendation in its entirety and will DISMISS this action.  Plaintiffs' request for transfer of this action to another court also will be DENIED.

CONCLUSION

Based on the foregoing, it is hereby Ordered that:

1. Magistrate Judge Boal's Report and Recommendation (Docket No. 10) is ADOPTED by this Court in its entirety;

2. This action is DISMISSED in its entirety without prejudice; and

4. Plaintiffs' request for this Court to forward this action to another court it deems to be the proper court is DENIED.[1]

SO ORDERED.

                                        /s/ William G. Young  
                                        WILLIAM G. YOUNG  
DATED: February 12, 2013            UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff Alfred Craven is currently incarcerated ay FMC Devens, and thus is presumed to be a "prisoner" at FMC Devens, as defined by 28 U.S.C. § 1915(h).  For purposes of determining the applicability of the three-strike rule of 28 U.S.C. § 1915(g) in connection with any future litigation by Alfred Craven, this Court deems the dismissal of this action to be a decision on the merits upon the holding that Plaintiffs have failed to state claims upon which relief may be granted.